UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARON WHITE,<br><br>    Plaintiff,<br><br>v.<br><br>METAL POWDER PRODUCTS COMPANY,<br><br>    Defendant. | Case No. 1:18-CV-104<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES, Plaintiff, Sharon White, by and through her attorney, Sean L. Ruppert., of Kraemer, Manes & Associates LLC, and files this complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this action under the Americans with Disabilities Act ("ADA") 42 U.S.C §12101-12213.

### II. Jurisdiction and Venue

2. This action arises under the statutes cited in the preceding paragraph. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") on or about April 19, 2017 under charge number 533-2017-00776. *See Exhibit 1.*

5. Plaintiff was mailed Notice of Right to Sue from the EEOC on January 25, 2018. The Complaint has been filed within ninety (90) days of the Plaintiff's receipt, this making this action timely. *See Exhibit 2.*

### III. Parties

6. Plaintiff, Sharon White is an adult individual who currently resides at 423 Oak Street, West Mifflin, Allegheny County, Pennsylvania 15122.

7. Defendant, Metal Powder Products Company, is a limited liability general partnership incorporated in the state of Delaware with a business address of 150 Ford Road, Saint Marys, Elk County, Pennsylvania 15857. The location where Plaintiff worked was 310 Tanner Street, Ridgway, Elk County, Pennsylvania 15853.

### IV. Facts

8. Plaintiff began working for Defendant on or about August 4, 2014 as a laborer.

9. Plaintiff suffers from two (2) herniated discs in her back.

10. Due to Plaintiff's disability, her last day of work was August 26, 2016. At that time, Plaintiff was approved medical leave until November 17, 2016.

11. Plaintiff attempted to return to work on several occasions with light-duty restrictions from my doctor.

12. Becky Steis, Human Resources coordinator, informed Plaintiff that since her disability and injury did not occur at work, she was not permitted to be on light duty.

13. In fact, Ms. Steis informed Plaintiff that she could not return to her position at all if she had medical restrictions.

14. On November 14, Plaintiff emailed Ms. Steis stating that she can return but she cannot lift more than twenty (20) pounds or stand for eight (8) hours straight. Plaintiff suggested tasks and positions that she would be able to do such as sorting and inspecting parts and entering checks.

15. Ms. Steis responded that Plaintiff's position would be terminated if she cannot return full duty and that Defendant would not accommodate her medical restrictions.

16. Plaintiff received surgery to correct her back issues after being terminated, and would have been released to full duty after recovery.

17. Another employee working for Defendant was injured outside of work, was not able to use his hand and had his job held for him while he had surgery and recovered.

18. However, since Plaintiff still had medical restrictions on her return date, Defendant terminated her.

### V. Causes of Action

### COUNT I
### Termination in Violation of the ADA and the PHRA

19. All other paragraphs of this pleading are incorporated herein as if set forth at length.

20. Defendant paid Plaintiff a salary, in accordance with a regular payroll schedule, in exchange for services rendered by Plaintiff on behalf of the Defendant. Therefore, Defendant constitutes an "employer" within the meaning of the ADA and the PHRA.

21. Plaintiff was an employee with a disability within the meaning of the ADA and the PHRA as she suffers from two (2) herniated discs in her back.

22.     Defendant was notified of, and fully aware of, Plaintiff's disability at all times relevant hereto.

23.     Due to Plaintiff's disability, her last day of work was August 26, 2016. At that time, Plaintiff was approved medical leave until November 17, 2016.

24.     Plaintiff attempted to return to work on several occasions with light-duty restrictions from my doctor.

25.     Becky Steis, Human Resources coordinator, informed Plaintiff that since her disability and injury did not occur at work, she was not permitted to be on light duty.

26.     Ms. Steis informed Plaintiff that she could not return to her position at all if she had medical restrictions.

27.     On November 14, Plaintiff emailed Ms. Steis stating that she can return but she cannot lift more than twenty (20) pounds or stand for eight (8) hours straight. Plaintiff suggested tasks and positions that she would be able to do such as sorting and inspecting parts and entering checks.

28.     Ms. Steis responded that Plaintiff's position would be terminated if she cannot return full duty and that Defendant would not accommodate her medical restrictions.

29.     Defendant terminated Plaintiff, in whole or in part, because of her disability.

30.     Plaintiff received surgery to correct her back issues after being terminated and would have been released to full duty after recovery.

31.     Plaintiff's unlawful termination is an adverse employment action.

32.     As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

33. Defendant's acts and omissions violated the ADA and the PHRA.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in her favor, and against the Defendant, and award all damages available at law and in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

## COUNT II
### Retaliation in Violation of the ADA and the PHRA

34. All other paragraphs of this pleading are incorporated herein as if set forth at length.

35. Defendant paid Plaintiff a salary, in accordance with a regular payroll schedule, in exchange for services rendered by Plaintiff on behalf of the Defendant. Therefore, Defendant constitutes an "employer" within the meaning of the ADA and the PHRA.

36. Plaintiff was an employee and therefore protected by the ADA and the PHRA against retaliation for engaging in a protected activity.

37. Plaintiff is a member of a protected class as she suffers from herniated discs in her back.

38. Defendant perceived Plaintiff as having a disability.

39. Plaintiff attempted to return to work on several occasions with light-duty restrictions from my doctor.

40. Becky Steis, Human Resources coordinator, informed Plaintiff that since her disability and injury did not occur at work, she was not permitted to be on light duty.

41. In fact, Ms. Steis informed Plaintiff that she could not return to her position at all if she had medical restrictions.

42. Defendant terminated Plaintiff, in whole or in part, because it perceived her as being disabled.

43. Defendant's unlawful termination of Plaintiff was an adverse employment action.

44. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

45. Defendant's acts and omissions violated the ADA and the PHRA.

46. Thus, Plaintiff was terminated in retaliation for her disability and requesting an accommodation.

47. Plaintiff was unlawfully terminated, including but not limited to because of her disability, because she was regarded as being disabled, and in retaliation for her request for light-duty work.

48. Under the circumstances, Plaintiff should have been granted a reasonable accommodation in the form of temporary light-duty work.

49. Defendant's unlawful acts and omissions were willful, intentional, and purposeful.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in her favor, and against the Defendant, and award all damages available at law and in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper

## COUNT III
### Failure to Accommodate in Violation of the ADA and the PHRA

50. All other paragraphs of this pleading are incorporated herein as if set forth at length.

51. Defendant paid Plaintiff a salary, in accordance with a regular payroll schedule, in exchange for services rendered by Plaintiff on behalf of the Defendant. Therefore, Defendant constitutes an "employer" within the meaning of the ADA and the PHRA.

52. Plaintiff was an employee and therefore protected by the ADA and the PHRA against retaliation for engaging in a protected activity.

53. Plaintiff is a member of a protected class as she suffers from herniated discs in her back.

54. Plaintiff was able to perform the essential functions of her job with Defendant with a reasonable accommodation in the form of temporary light duty.

55. Despite providing supporting medical documentation to Defendant, Plaintiff was nonetheless unlawfully terminated, in whole or in part, because she requested a reasonable accommodation for her disability.

56. Defendant was fully aware of Plaintiff's disability following the diagnoses of her disability, and yet Defendant still refused to provide any accommodations to Plaintiff (including but not limited to temporary light-duty work.) or engage in the interactive process.

57. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

58. Defendant's acts and omissions violated the ADA and the PHRA.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in her favor, and against the Defendant, and award all damages available at law and in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and property.

Respectfully Submitted,

/s/ Sean L. Ruppert
**Sean L. Ruppert, Esq.**
PA ID No. 314380
**KRAEMER, MANES & ASSOCIATES LLC**
US Steel Tower, 48th Floor
600 Grant St., Suite 4875
Pittsburgh, PA 15219
(412) 626-5550 Direct
(412) 637-0237 Facsimile
sr@lawkm.com